EKM

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF

No. 17-6418,    <u>Frederick Banks v. S.A. Sean Langford, et al</u>
              5:16-hc-02141-D

## 1. Declaration of Inmate Filing

An inmate's notice of appeal is timely if it was deposited in the institution's internal mail system, with postage prepaid, on or before the last day for filing. Timely filing may be shown by:

- a postmark or date stamp showing that the notice of appeal was timely deposited in the institution's internal mail system, with postage prepaid, or
- a declaration of the inmate, under penalty of perjury, of the date on which the notice of appeal was deposited in the institution's internal mail system with postage prepaid. To include a declaration of inmate filing as part of your informal brief, complete and sign the declaration below:

---

**Declaration of Inmate Filing**

Date NOTICE OF APPEAL deposited in institution's mail system: 3/20/17

I am an inmate confined in an institution and deposited my notice of appeal in the institution's internal mail system. First-class postage was prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621).

Signature: Frederick Banks    Date: 4/5/17

---

## 2. Jurisdiction

Name of court or agency from which review is sought: US District Court eastern dist of North Carolina

Date(s) of order or orders for which review is sought: 3/15/17 and 3/27/17 (Because the notice of Appeal did not become effective until after the Mot for Reconsideration was decided Appellant can Challenge the Mot for Reconsideration here as well)

## 3. Issues for Review — because no parties appeared in the below action there was no one to give notice of Appeal to.

Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider. The parties may cite case law, but citations are not required.

**Issue 1.** The District Court erred by dismissing the FISA 50 USC USC 1806(f) Motion to Disclose Electronic Surveillance

**Supporting Facts and Argument.**

The District Court erred in dismissing the FISA 50 USC § 1806(f) Motion to Disclose Electronic Surveillance because the motion did not require a filing fee and was not a "civil action" subject to the PLRA screening provisions. Appellant renews the motion in the Appeals Court and moves the Court under 50 USC § 1806(f) to disclose the electronic surveillance by requiring Appellees to do so, and issuing an order for Appellees to respond to this motion.

In addition Banks, the Appellant is Civilly committed and Incompetent and he has served more time than his pending criminal charges carry in case USA v. Banks, 15-CR-168 (WDPA). The charges carry under the U.S. Sentencing Guidelines 32 months while Appellant has served 48 months (20 months prior credit on Counts 2-6, the "Attempts" counts. See USA v. Banks, 04 CR 176 (WDPA) at Supervised Release Violation Judgment. Attempts run concurrent by Statute, and 20 additional months along with 8 months good time) Under these circumstances the Bail Reform Act does not apply to this Incompetent Defendant See USA v. Peppi (DC NJ) and therefore the PLRA does not apply to Appellant.

**Issue 2.** The District Court erred by denying the 60(b)(4) motion.

**Supporting Facts and Argument.**

A rule 60(b)(4) motion for Void Judgment may be made at any time and a Plaintiff is not required to establish a meritorious defense to vacate a Void Judgment as Appellant alleged thus the District Court erred because it was without discretion and could not refuse to Vacate a Void Judgment.

**Issue 3.** The District Court erred by dismissing the action as frivolous

**Supporting Facts and Argument.**

Appellants FISA Complaint for a writ of Mandamus was not frivolous even our own President is claiming he was under a FISA warrant and electronic surveillance and Rep Nunes recently told Trump and CNN that his conversations were "incidentally collected" under FISA. As a result Appellants similar claim may not be considered frivolous without the Court at least ordering the Appellees/Defendants to respond and disclose or confirm or deny the existence of a FISA warrant under 50 USC § 1806(f).

**Issue 4.**

**Supporting Facts and Argument**

## 4. Relief Requested
Identify the precise action you want the Court of Appeals to take:

Vacate and Reverse and Remand the order and Judgment of the District Court with Instructions to order the government Appellees to disclose the FISA electronic surveillance under 50 USC 1806(f) and Grant the Mandamus Petition, appoint a Guardian ad Litem + Counsel and hold Oral Arguments and grant the 50 USC § 1806(f) motion along with all other requested or warranted relief and release Appellant from custody.

## 5. Prior appeals (for appellants only)
A. Have you filed other cases in this court? Yes [✓] No [ ]

B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

Banks v. Hornak, No 16-6481 (4th cir) pending

_____
Signature
[Notarization Not Required]

___Frederick Banks___
[Please Print Your Name Here]

### CERTIFICATE OF SERVICE
**********************

I certify that on __4/5/17__ I served a copy of this Informal Brief on all parties, addressed as shown below:

_____
Signature

**NO STAPLES, TAPE OR BINDING PLEASE**

Name: Frederick Banks, 05711068
Federal Medical Center
P.O. Box 1600
Butner, NC 27509

RALEIGH NC 275
Research Triangle Region
05 APR 2017 PM 2

Patricia S. Connor, Clerk
US Court of Appeals
1100 East Main Street, 5th Floor
Richmond, VA 23219

INSPECTED

APR 10 2017

23219-351799